## PUBLIC POLICY—BONUS FOR MILITARY SERVICE.

[Circuit Court of Summit County.]

CURTIS V. HARD ET AL v. WALTER HARRIS ET AL.

Decided, April Term, 1903.

*Summons—Unreasonable Neglect in Serving—Motion for Judgment Non Obstante Veredicto—Public Policy—Bonus for Enlistment.*

1. A motion to dismiss the petition is addressed to the sound discretion of the court; and where the basis of the motion is a claim of unreasonable neglect in serving summons, and there is nothing to show that the defendants not served were residents of the county or even of the state, a reviewing court will not hold that the overruling of such a motion was an abuse of discretion.

2. A motion for judgment *non obstante veredicto* is virtually passed upon by the entering of judgment on the verdict; otherwise the motion would be still pending below, and the prosecution of error to the entering of such judgment would be a proceeding prematurely brought.

3. Public policy is in its nature uncertain and fluctuating, and where it is alleged that the enforcement of a given contract, not in contravention of a statute, would result in public injury, the truth of the allegation can not be a matter of opinion, but must be free from doubt.

4. A bonus offered for enlistment as musicians in the volunteer infantry is in the nature of a bounty, and the payment of bounties for military service is clearly within the policy of the state of Ohio, as defined by the Legislature and the Supreme Court during the Civil War.

WINCH, J.; HALE, J., and MARVIN, J, concur.

Error to the Court of Common Pleas of Summit County.

Walter Harris and others brought suit against Curtis V. Hard and others, alleging that on May 12, 1898, the plaintiffs, together with certain of the defendants, entered into a contract with the other defendants whereby it was agreed that in consideration of the plaintiffs and certain of the defendants enlisting in the Eighth Volunteer Infantry for the Spanish American War, as musicians, said Curtis V. Hard and his associates would pay said Harris and his associates a bonus of $325.00 per month over and above the

pay allowed by the United States Government for said services. Said Harris and his associates enlisted as agreed, were mustered into service, served six months, were paid $320.00, and recovered judgment in the common pleas court for the balance they claimed due on said contract.

In this court a motion to strike the bill of exceptions from the files has been granted, leaving undisposed of but three errors alleged by plaintiffs in error.

First, that the court erred in refusing to dismiss the petition because of unreasonable neglect of the plaintiffs below to serve summons on certain defendants; second, that the court erred in rendering judgment upon the verdict without passing upon the motion for judgment *non obstante veredicto;* third, the court erred in overruling the demurrers to the petition.

First, the motion to dismiss the petition for failure to serve certain defendants was filed under Section 5313, Rev. Stat., and was addressed to the discretion of the court. There is nothing to show whether the defendants not served were residents of Summit county or not, or even of the state. We are unable to say that there was an abuse of discretion in overruling this motion.

Second, the motion for judgment *non obstante veredicto* was practically passed upon by entering judgment on the verdict. If such was not the case and said motion is still pending undisposed of in the common pleas court, as claimed by plaintiffs in error, that fact might be urged by defendants in error as showing proceedings in error had been prematurely brought, but they are not complaining, and we see no error prejudicial to the rights of the plaintiffs in error by the failure of the court, if any. to pass upon said motion.

Third, it is urged by plaintiffs in error that the demurrers filed in the court below should have been sustained as the contract set forth in the petition is clearly against public policy; that it alleges a contract between plaintiffs together with certain of the defendants entered into with certain persons who agreed to pay them a bonus of $325.00 per month over and above the pay allowed them by the United States for said services; that the Government fixes the pay of all who are in its service; those performing like work

receive like pay and the rule is unalterable    In no way could the Government' sooner demoralize the public service than to permit one class of its servants to receive a different and other compensation than that received by others employed in the same capacity; that if the musicians of the Eighth Regiment in any way were to receive more pay than persons rendering like service in another regiment, and this fact were to become known, the public service would be immediately injured, and, in time, such favoritism would result in complaints and less efficient service, insubordination and finally mutiny.

It is a well established principle of law in this country that no one can lawfully do that which has a tendency to be injurious to the public or against the public good.  If a contract binds the maker to do something that is opposed to the public policy of the state or nation, it is void, however solemnly made.  In applying this rule to particular cases, however, much difficulty is met with. Public policy is in its nature uncertain and fluctuating (23 Am & Eng. Enc. of Law, 2d Ed., 455); its limits can not be determined by the courts with any exactness.  The Legislature can and does define the public policy of the state.  Any contract in contravention of a statute would be against public policy; so, too, many things not forbidden by express legislative enactment are against public policy, and the courts have repeatedly set aside contracts which they have determined to be against good government and the spirit of our institutions.  Public opinion is usually prescribed by the people before it is enacted into statute law.

If the contract alleged in the petition tended to create the results claimed by counsel for the plaintiffs in error as necessarily flowing from it, it would be against public policy, and should not be enforced whether such results really did follow or not.  Such results, it is admitted, were not contemplated by the parties when they entered into the contract.  If the public service is affected by his contract, it is incidentally.  The petition does not disclose that any of the parties, plaintiffs or defendants, were in the military service at the time the contract was entered into.  The contract was not in contravention of any statute.  That public injury would result from this contract can not be a matter of opinion; it must be free from doubt.

The courts of this state have had so little to do with military questions that to ascertain, if possible, whether this contract is against the public policy of the state, we have been compelled to go back to the time of the Civil War. During that war at least two acts were passed by the Legislature authorizing county commissioners, trustees of townships and city councils to levy a tax for the payment of bounties to volunteers and to refund subscriptions made by individuals for that purpose. The Supreme Court held these acts constitutional. One of the grounds on which it is claimed that the statutes were invalid is that they provided bounties not alone for raising volunteers, but for the repayment of moneys already paid, pledged or subscribed by individuals as bounties to volunteers who had enlisted or should enlist. On this point the court held if it was competent for the Legislature to have conferred authority for the payment by the local authorities of the bounties originally, it was equally competent for them to adopt and ratify what had been done by others towards accomplishing the end sought.

Defining bounties the court said: "Bounties are but a mode of compensation for services, and may be either for past, or as an inducement to future services. Their purpose is to strengthen the military power, not to weaken it; to commend the service to public approval and to induce men to enter it." *Cass Township* v. *John Dillon, Treasurer,* 16 O. S., 39.

It is clear to us that the bonus mentioned in the petition to be paid to the members of the Eighth Regiment Band, O. V. I., for the Spanish American War, was in the nature of a bounty, and as such was clearly within the policy of the state of Ohio, as defined by the Legislature of the state and the Supreme Court during the Civil War.

Demurrers were properly overruled. The judgment is affirmed.

*Dick, Doyle & Bryan,* for plaintiffs in error.

*Rogers, Rowley, Bradley & Rockwell,* for defendants in error.